**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

APR 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN SEBASTIAN ZAMORA-SANCHEZ, | No.    21-70260 |
| Petitioner, | Agency No. A215-544-103 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023[**]

Before:    CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Juan Sebastian Zamora-Sanchez, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We review de novo questions of law, including whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations.  *Id*. at 1241-42.  We deny in part and dismiss in part the petition for review.

The BIA did not err in concluding Zamora-Sanchez failed to establish membership in a cognizable particular social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) ("The particularity element requires characteristics that provide a clear benchmark for determining who falls within the group," and "[t]he group must also be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective." (internal quotation marks and citations omitted)).  To the extent Zamora-Sanchez raises new proposed particular social groups in his opening brief, we lack jurisdiction to consider them because he failed to raise the issues before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674,

677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below). Thus, Zamora-Sanchez's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Zamora-Sanchez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

Zamora-Sanchez's opposed request (Docket Entry No. 26) for administrative closure is denied.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**